IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHARON PETERS                                                                                         PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:16-CV-167-SA-DAS

FRED'S STORES OF TENNESSEE, INC.                                                      DEFENDANT

MEMORANDUM OPINION

Sharon Peters originally filed her Complaint [2] in the Circuit Court of Prentiss County, Mississippi. Fred's Stores of Tennessee, Inc. removed the case to this Court premising jurisdiction on diversity of citizenship. Plaintiff Peters alleges that Defendant Fred's is liable for injuries she sustained after falling while shopping in the Defendant's store. Now before the Court is the Defendant's Motion for Summary Judgment [29] requesting dismissal of all of the Plaintiff's claims. The Plaintiff filed a Response [33] and the Defendant filed a Reply [35] making this issue ripe for review.

*Factual and Procedural Background*

On the evening of November 5, 2014, the Plaintiff entered the Fred's store on North 2nd Street in Booneville, Mississippi to do some shopping. According to the Plaintiff, the store was generally in disarray with stocking and reorganizing going on in various parts of the store. The Plaintiff walked to the back of the store, retrieved two items, and began walking back towards the front of the store where the checkout registers are located. On her way, the Plaintiff passed through the apparel section where she slipped and fell. The Plaintiff does not know what caused her fall, although she thinks she may have slipped on a piece of plastic. Store employee Lane Hunkapiller was nearby and heard the Plaintiff fall. Hunkapiller came over to check on the Plaintiff. The Plaintiff sat on the floor for a minute or two until she was able to get up. The Plaintiff alleges that

during this time Hunkapiller picked a piece of plastic up from the floor, snapped it into two pieces, and placed it in his pocket. Hunkapiller denies picking anything up. The Plaintiff eventually finished her shopping and left the store.

The Defendant now requests summary judgment in its favor on all of the Plaintiff's claims.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts

showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075. Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Premises Liability*

The analysis of premises liability claims under Mississippi law requires a determination on three fronts: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood*, 556 F.3d at 275 (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)). In the instant case, the Plaintiff was a business invitee at the relevant times. "[A] business invitee [is] 'a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.'" *Kinstley v. Dollar Tree Stores, Inc.*, 63 F. Supp. 3d 658, 661 (S.D. Miss. 2014) (citing *Turner v. Entergy Miss., Inc.*, 139 So. 3d 115, 117 (Miss. Ct. App. 2014)).

A premises owner owes invitees a duty of reasonable care, to "maintain its premises in a reasonably safe condition," but a premises owner is "not an insurer of the safety of invitees." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008); *Wood*, 556 F.3d at 275. This includes duties to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care, and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199–1200 (quoting *Gaines v. K–Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)). The breach of either duty supports a claim of negligence. *Id.* at 1200; *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (Miss. 2005).

In order to prove breach in a slip-and-fall case, a plaintiff must:

> (1) show that some negligent act of the defendant caused her injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Kinstley*, 63 F. Supp. 3d at 661 (quoting *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000)). In the end, a plaintiff "cannot succeed on a premises liability claim without showing either that the defendant created the dangerous condition or that the defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it."

*Discussion and Analysis*

The Defendant argues that the Plaintiff has not brought forth any evidence to substantiate a claim under any of these theories for recovery. Specifically, the Defendant argues that the Plaintiff cannot point to any negligent act by the Defendant that caused her injuries, cannot prove that any dangerous condition existed, or that the Defendant had actual or constructive knowledge of any dangerous condition. Although the Plaintiff did file a response in this case, it is wholly devoid of any legal argument or legal authority.[1]

The Defendant points to *Dickens v. Wal-Mart Stores, Inc.* as an example of a factually similar case where a customer in a Wal-Mart store slipped and fell on a plastic clothes hanger. *See* 841 F. Supp. 768 (S.D. Miss. 1994). In that case, the Court granted summary judgment in Wal-Mart's favor because the Plaintiff failed to bring forth any evidence that Wal-Mart either knew or should have known about the hanger. Unlike *Dickens*, none of the parties or witnesses in this case know what the Plaintiff slipped on or how long it may have been there. Without any proof of what

---

[1] Plaintiff's Response [33] and Memorandum [34] in opposition does not cite a single case or legal standard and is instead merely a recitation of her factual allegations.

4

may have caused the Plaintiff's fall, her claim fails because she has not raised any question of fact as to a dangerous condition. Assuming, for arguments sake, that the Plaintiff could prove that a dangerous condition existed she must still bring forth evidence of actual or constructive knowledge. *Kinstley*, 63 F. Supp. 3d at 661 (citing *Anderson*, 771 So. 2d at 918).

The Plaintiff in this case has not alleged knowledge, constructive or actual, by the Defendant, or brought forth any evidence demonstrating that a dangerous condition existed for a long enough period of time to put the Defendant on notice. In her complaint, the Plaintiff actually alleges the opposite: "It [Defendant] did not realize that it had failed to properly stock and reorganize shelving merchandise, and other various items allowing part of them to remain in the path of Plaintiff." "Where plaintiff seeks to establish constructive knowledge, as opposed to actual knowledge, the plaintiff must establish that the unsafe condition existed for a time period sufficiently long enough to put a reasonably prudent store owner on notice." *Dickens*, 841 F. Supp. at 771 (citing *Douglas v. Great Atl. & Pac. Tea Co.*, 405 So. 2d 107, 110 (Miss. 1981)).

There is simply no evidence in this case that a dangerous condition existed, and that the Defendant knew about it, or that one existed for a long enough period of time to impute constructive knowledge to the Defendant. *Kinstley*, 63 F. Supp. 3d at 661 (citing *Anderson*, 771 So. 2d at 918).[2] Because these are essential elements of the Plaintiff's claims, which she has failed to adequately allege and establish, summary judgment is warranted in the Defendant's favor. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

---

[2] The Plaintiff filed two affidavits with her summary judgment response. The first [33-1] is sworn by the Plaintiff's daughter and has several photographs attached. The photographs depict the Fred's store from this case several days after the Plaintiff's fall. The second, [33-3], is sworn by the daughter's boyfriend. The boyfriend reports that he visited the store a few hours after the Plaintiff's fall. The Plaintiff argues that the general disarray depicted and described in these affidavits supports her claim. The Defendant filed Motions to Strike [36, 37] the affidavits. The Court reviewed the affidavits and finds the content too far removed in time from the fall to be relevant and probative in determining the conditions at the time of the Plaintiff's fall, or in assessing the Defendant's knowledge at the time of the fall. Because the Court is capable of weighing the probative and prejudicial value of the affidavits, the Defendant's Motions to Strike [36, 37] are denied.

*Conclusion*

For all of the reasons fully explained above, the Defendant, Fred's Stores of Tennessee Inc.'s Motion for Summary Judgment [29] is GRANTED. All of the Plaintiff's claims are DISMISSED with prejudice. This CASE is CLOSED.

So ORDERED on this the 20th day of March, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE